UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHNNY ALLEN III                                    CIVIL ACTION

VERSUS                                              NO: 20-1389

SOUTHEAST LOUISIANA                                 SECTION: "A" (2)
VETERANS HEALTH CARE SYSTEM

## ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss (Rec. Doc. 16)**
filed by defendant, the Southeast Louisiana Veterans Health Care System. Plaintiff,
Johnny Allen III, who filed this action pro se, has opposed the motion. The motion,
noticed for submission on January 6, 2021, is before the Court on the briefs without oral
argument.

Plaintiff Johnny Allen III filed this complaint following the dismissal of the
complaint that he filed in Civil Action 19-12614. That lawsuit arose out of alleged acts of
medical malpractice that occurred on November 25, 2017, when Plaintiff was allegedly
misdiagnosed at the urgent care facility. Plaintiff claims that he was released with a
diagnosis of bursitis when in fact he had an epidural abscess on his spinal cord.
Following emergency treatment a few days after being improvidently released from
urgent care, Plaintiff spent 60 days in the hospital. Plaintiff claims permanent physical
disabilities as a result of the misdiagnosis.[1]  Plaintiff seeks money damages.

---

[1] Plaintiff is presumably complaining about the misdiagnosis at the Veterans
Administration medical facility on November 25, 2017, the failure to pull his teeth while he

This Court dismissed Civil Action 19-12614 for lack of subject matter jurisdiction because of Plaintiff's failure to abide by the procedural requirements of the Federal Tort Claims Act—he filed his complaint in district court before the federal agency either actually or constructively denied his Federal Tort Claims Act ("FTCA") claim.

In this refiled complaint Plaintiff named only one defendant, the Southeast Louisiana Veterans Health Care System, which is the medical facility or agency where treatment was rendered. Defendant moves to dismiss the instant complaint for lack of subject matter jurisdiction contending that Plaintiff has failed to name the only proper defendant, the United States.

In his opposition Plaintiff provides a copy of the text, presumably from a legal treatise, that advises that he can sue either the federal government itself or the federal employees who are alleged to have committed the tort. Plaintiff adds that the Court is aware of who he is referring to in his complaint. (Rec. Doc. 20).

In his refiled complaint Plaintiff sued the federal facility or agency where treatment was rendered. In this circuit, binding jurisprudence dictates that the waiver of sovereign immunity found within the FTCA extends only to the United States itself, not to the federal agency allegedly involved in the tort much less a federal facility. *See Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181 (5th Cir. 1988); *McGuire v. Turnbo*, 137 F.3d 321 (5th Cir. 1998). Therefore, the Court lacks subject matter jurisdiction over the claims against the Southeast Louisiana Veterans Health Care

---

remained in the VA hospital during the next 60 days (which Plaintiff believes may have exacerbated an infection in his body), and negligence during emergency surgery conducted on November 28, 2017.

System and its motion to dismiss must be granted. Subject matter jurisdiction cannot be conferred simply because the Court knows who Plaintiff is really referring to in his complaint.

It is clear, however, that the United States has known about Plaintiff's claim for some time. The Court expresses no opinion as to whether an amendment that properly joins the United States as a defendant would be timely for limitations purposes but the Court is not inclined to dismiss this action in its entirety only to force Plaintiff to file a third lawsuit in pursuit of his claims.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 16)** filed by defendant the Southeast Louisiana Veterans Health Care System is **GRANTED** insofar as the Southeast Louisiana Veterans Health Care System is dismissed as a defendant in this action. The Court lacks subject matter jurisdiction over the claim against this federal defendant.

**IT IS FURTHER ORDERED** that Plaintiff shall amend his complaint to properly join the United States as a defendant and he shall effect proper service on the United States by **February 26, 2021**.

January 12, 2021

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE